**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-MJ-02526-LOUIS**

UNITED STATES OF AMERICA,
    Plaintiff,
vs.

TOMAS NIEMBRO,
    Defendant.
_____/

**MOTION TO MODIFY CONDITIONS OF RELEASE**

Mr. Tomas Niembro ("Mr. Niembro"), through undersigned counsel, respectfully requests that the Court modify his conditions of release by removing the location monitoring requirement.

1. On March 15, 2025, Mr. Niembro was arrested on a criminal complaint alleging Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and Money Laundering, in violation of 18 U.S.C. § 1956(h). [ECF 3; ECF 4].

2. On March 17, 2025, Magistrate Judge Lauren Fleischer Louis ordered Mr. Niembro released on a $20 million personal surety bond secured by two properties, and an additional $2 million bond with 10% down and a *Nebbia* requirement. Relevant here, the Court also imposed a condition of home confinement and location monitoring. [ECF No. 13].

3. On May 6, 2025, the Court held a *Nebbia* hearing. At that hearing, the government accepted Mr. Niembro's *Nebbia* proffer. The Court accordingly terminated the condition of home confinement and ordered

that Mr. Niembro remain on location monitoring with a curfew from 5:00 PM to 8:00 AM, until further order of the Court. [ECF No. 33]. This arrangement was the result of an agreement between the parties—Mr. Niembro agreed to continue location monitoring as a sign of goodwill and to help assuage any remaining government concerns regarding risk of flight.

4. Mr. Niembro has fully complied with every condition of his release since day one. He has not incurred a single violation and has remained in regular, proactive contact with Pretrial Services. He has appeared for all court proceedings, satisfied every financial and reporting obligation, and demonstrated consistent respect for the Court's directives.

5. There is no indication—past or present—that Mr. Niembro poses a risk of flight. He has children studying and working in the United States, and no incentive to abandon them or his ongoing legal process. Although he may hold a Spanish passport, he does not have access to it—it is currently in the possession of Pretrial Services. And while he is originally from Venezuela, the idea that he would flee there is implausible given the country's political and economic instability. His conduct since release has been exemplary, and continued location monitoring is unnecessary.

6. The government opposes this request.

**WHEREFORE,** Mr. Niembro respectfully requests that the Court modify his conditions of release by removing the location monitoring requirement.

Respectfully submitted,

**STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC**
Two South Biscayne Boulevard,
Suite 1600, Miami, FL 33131
Telephone: (305) 614-1400

/s/ *Michael B. Nadler*
Michael B. Nadler
Fla. Bar No. 51264
mnalder@sknlaw.com

/s/ *Juan J. Michelen*
Juan J. Michelen
Fla. Bar No. 92901
jmichelen@sknlaw.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 10, 2025, I filed the foregoing document with the Clerk of Court via CM/ECF, which will serve all counsel of record through the Notices of Electronic Filing or other authorized means for those not receiving electronic notices.

By: /s/ *Juan J. Michelen*
Juan J. Michelen
