UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-mj-2526-LFL

UNITED STATES OF AMERICA

v.

TOMAS NIEMBRO CONCHA,

    Defendant.
_____/

### Consent Motion to Continue Preliminary Examination and Exclude Time Under the Speedy Trial Act

The United States moves the Court, with the express consent of the defendant, Tomas Niembro Concha, and the defendant's counsel, both to adjourn the preliminary examination in this case to March 24, 2026, and to order that all time from and including March 28, 2025, through March 24, 2026, shall be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h).  The parties hereby stipulate and agree: (i) that good cause exists to adjourn the preliminary examination and to extend the time to indict in this case; (ii) that the time period from and including March 28, 2025, through March 24, 2026, shall constitute excludable delay under the Speedy Trial Act; and (iii) that the delay is based on the interests of justice due to the unusual factual complexity of the case, the need for time for counsel for the defendant to review materials with the defendant, the need for time for effective preparation taking into account the exercise of due diligence, and the desire of the parties to discuss a potential resolution of the case, all of which are in the interests of justice and outweigh the best interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7).

In support of this motion, the parties state as follows:

1.      On March 15, 2025, defendant Tomas Niembro Concha was charged in a criminal complaint with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On March 17, 2025, the defendant made his initial appearance before this Court and was released on bail.

2.      On April 2, 2025, the Court adjourned (Dkt. No. 24) the preliminary examination and arraignment in this case, originally scheduled on April 7, 2025, to June 6, 2025, pursuant to a consent motion filed by the parties. Similarly, on May 22, 2025, the Court adjourned (Dkt. No. 43) the preliminary examination and arraignment in this case to July 21, 2025, based on a joint consent motion. On July 11, 2025, at the request of the parties, the Court again adjourned (Dkt. No. 53) the preliminary examination and arraignment to September 22, 2025. On September 11, 2025, at the request of the parties, the Court adjourned the preliminary examination and arraignment to November 24, 2025, and again on November 18, 2025, to January 23, 2026 (Dkt. Nos. 59, 62).

3.      The Speedy Trial Act requires that an information or indictment be filed within 30 days of the defendant's arrest or service with summons. Further, under Federal Rule of Criminal Procedure 5.1(c), a magistrate must hold a preliminary hearing no later than 21 days after the initial appearance if the defendant is not in custody. However, a magistrate may extend that time limit set in Rule 5.1(c) with the defendant's consent and upon a showing of good cause. Fed. R. Crim. P. 5.1(d).

4.      The parties jointly request that the Court extend the time to indict. Extending the time period to indict would be in the interests of justice in that the additional time is necessary in this case due to the factual complexity of the case, the need for time for counsel for the defendant to review materials with the defendant, the need for time for effective preparation taking into account the exercise of due diligence, and the desire of the parties to discuss a possible resolution

of the case, all of which are in the interests of justice and outweigh the best interests of the public and the defendant in a speedy trial. The parties therefore respectfully submit that all time from and including March 28, 2025, through March 24, 2026, should be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h).

     5.     The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment or information in this case for the time period specified in this motion. This waiver is made knowingly, intentionally, and voluntarily by the defendant; with full knowledge of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*; and with the advice and consent of counsel.

     6.     For these same reasons, the parties also request that the preliminary examination be adjourned to March 24, 2026.

WHEREFORE, the parties request an order providing that all time from and including March 28, 2025, through March 24, 2026, shall be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h), and that the preliminary exam be adjourned until March 24, 2026.

        Respectfully submitted,

        JASON A. REDING QUIÑONES
        UNITED STATES ATTORNEY

By:    s/ Felipe Plechac-Diaz
        Felipe Plechac-Diaz
        Assistant U. S. Attorney
        Court I.D. No. 105483
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel. 305-961-9208
        Felipe.Plechac-Diaz@usdoj.gov

        MARGARET MOESER, CHIEF
        MONEY LAUNDERING, NARCOTICS,
        AND FORFEITURE SECTION

By:    s/ Javier Urbina
        Javier Urbina
        Trial Attorney
        Court I.D. No. A5503338
        1400 New York Ave. NW
        Washington, DC 20005
        Tel. 202-573-1765
        Javier.Urbina@usdoj.gov

By:    s/ Samir Paul
        Samir Paul
        Trial Attorney
        Court I.D. No. A5503339
        1400 New York Ave. NW
        Washington, DC 20005
        Tel. 202-598-2412
        Samir.Paul@usdoj.gov

<u>Defendant's Signature</u>:  I have consulted with my attorney and fully understand all of my rights with respect to a preliminary examination within 21 days after my initial appearance if I am not in custody and a speedy trial, including my right to be charged by information and indictment within 30 days of arrest or service of summons under 18 U.S.C. § 3161(b).  I agree that all time from and including March 28, 2025, through March 24, 2026, should be excluded in computing the time within which an information or indictment must be filed by the government for the reasons stated in the motion, and I waive my right to a preliminary examination prior to March 24, 2026.  I have read this motion and carefully reviewed every part of it with my attorney.  I understand this motion and voluntarily agree to it.

Date: 1/14/26



TOMAS NIEMBRO CONCHA

<u>Defense Counsel's Signature</u>:  I am counsel for the defendant in this case.  I have fully explained to the defendant his right to a preliminary examination within 21 days after his initial appearance if he is not in custody and his right to be charged by information and indictment within 30 days of arrest or service of summons.  I have reviewed the terms and conditions of 18 U.S.C. § 3161(b), and I have fully explained to the defendant the provisions that may apply in this case.  To my knowledge, the defendant's decision to agree to the requested exclusion of time under the Speedy Trial Act and to waive his preliminary examination is an informed and voluntary one.

Date: 1-14-2026

MICHAEL NADLER / JUAN MICHELEN
Counsel for Tomas Niembro Concha

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2026, I provided a copy of the foregoing pleading to Michael Nadler and Juan Michelen, counsel for Tomas Niembro Concha, by emailing the same to mnadler@sknlaw.com and jmichelen@sknlaw.com.

                                                 s/ Samir Paul
                                                 Samir Paul