UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-mj-2526-LFL

**UNITED STATES OF AMERICA**

v.

**TOMAS NIEMBRO CONCHA,**

      Defendant.
_____/

**Consent Motion to Exclude Time Under the Speedy Trial Act**

      The United States respectfully moves the Court, with the express consent of the defendant, Tomas Niembro Concha, and the defendant's counsel, to order that all time from and including January 23, 2026, (the date the Court granted a two-week continuance of the preliminary hearing and arraignment) through February 6, 2026, (the new hearing date) shall be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h). The United States makes this request with the defendant's consent on the grounds that the ends of justice served by excluding this period outweigh the best interests of the public and the defendant in a speedy trial.

      In support of this motion, the parties state as follows:

      1.    On January 16, 2026, the United States moved with the defendant's consent to adjourn preliminary hearing and arraignment to March 24, 2026, and to exclude the time between January 23, 2026, and March 24, 2026, in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h). Dkt. No. 63. The Court denied that motion (Dkt. No. 67) but ultimately granted in part a renewed defense motion for a three-week continuance (Dkt. No. 68), continuing the preliminary hearing and arraignment for two weeks to February 6, 2026 (Dkt. No. 70). The defendant's renewed motion and the Court's order did not explicitly

1

mention the Speedy Trial Act and the time to file an information or indictment.

2. The Speedy Trial Act requires that an information or indictment be filed within 30 days of the defendant's arrest or service with summons.

3. The parties jointly request that the Court extend the time to indict. Extending the time period to indict would be in the interests of justice in that the additional time is necessary in this case due to the factual complexity of the case, the need for time for counsel for the defendant to review materials with the defendant, the need for time for effective preparation taking into account the exercise of due diligence, and the desire of the parties to discuss a possible resolution of the case, all of which are in the interests of justice and outweigh the best interests of the public and the defendant in a speedy trial. As discussed at the January 23, 2026, hearing, the defendant and the United States are working diligently to resolve the matter pre-indictment, and the requested additional period of exclusion between the last hearing and the next one constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

4. The Court previously excluded all time between March 28, 2025, and January 23, 2026. Dkt. Nos. 24, 43, 53, 59, 62. The parties now respectfully submit that all time from and including January 23, 2026, through February 6, 2026, should also be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h).

5. The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment or information in this case for the time period specified in this motion. This waiver is made knowingly, intentionally, and voluntarily by the defendant; with full knowledge of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*; and with the advice and consent of counsel.

WHEREFORE, the parties request an order providing that all time from and including

March 28, 2025, through February 6, 2026, shall be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h).

                        Respectfully submitted,

                        JASON A. REDING QUIÑONES
                        UNITED STATES ATTORNEY

By:    s/ Felipe Plechac-Diaz
        Felipe Plechac-Diaz
        Assistant U. S. Attorney
        Court I.D. No. 105483
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel. 305-961-9208
        Felipe.Plechac-Diaz@usdoj.gov

        MARGARET MOESER, CHIEF
        MONEY LAUNDERING, NARCOTICS,
        AND FORFEITURE SECTION

By:    s/ Javier Urbina
        Javier Urbina
        Trial Attorney
        Court I.D. No. A5503338
        1400 New York Ave. NW
        Washington, DC 20005
        Tel. 202-573-1765
        Javier.Urbina@usdoj.gov

By:    s/ Samir Paul
        Samir Paul
        Trial Attorney
        Court I.D. No. A5503339
        1400 New York Ave. NW
        Washington, DC 20005
        Tel. 202-598-2412
        Samir.Paul@usdoj.gov

Defendant's Signature:  I have consulted with my attorney and fully understand all of my rights with respect to a preliminary examination within 21 days after my initial appearance if I am not in custody and a speedy trial, including my right to be charged by information and indictment within 30 days of arrest or service of summons under 18 U.S.C. § 3161(b).  I agree that all time from and including March 28, 2025, through February 6, 2026, should be excluded in computing the time within which an information or indictment must be filed by the government for the reasons stated in the motion, and I waive my right to a preliminary examination prior to February 6, 2026.  I have read this motion and carefully reviewed every part of it with my attorney.  I understand this motion and voluntarily agree to it.


Date:  **2-3-2026**              /s/ Tomas Niembro Concha
                                 TOMAS NIEMBRO CONCHA


Defense Counsel's Signature:  I am counsel for the defendant in this case.  I have fully explained to the defendant his right to a preliminary examination within 21 days after his initial appearance if he is not in custody and his right to be charged by information and indictment within 30 days of arrest or service of summons.  I have reviewed the terms and conditions of 18 U.S.C. § 3161(b), and I have fully explained to the defendant the provisions that may apply in this case.  To my knowledge, the defendant's decision to agree to the requested exclusion of time under the Speedy Trial Act and to waive his preliminary examination is an informed and voluntary one.


Date:  **2-3-2026**              /s/ Michael B. Nadler
                                 MICHAEL NADLER / JUAN MICHELEN
                                 Counsel for Tomas Niembro Concha

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 3, 2026, I provided a copy of the foregoing pleading to Michael Nadler, counsel for Tomas Niembro Concha, by emailing the same to mnadler@sknlaw.com.

                                                    s/ Samir Paul
                                                    Samir Paul